**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIA DE LOS ANGELES AVILA-GOMEZ,** | § § § | |
| **Petitioner,** | § | |
| | § | **EP-26-CV-00983-DB** |
| **v.** | § § | |
| | § | |
| **MARKWAYNE MULLIN,** *Secretary of Homeland Security*, *et al.*, | § | |
| **Respondents.** | | |

## <u>ORDER</u>

On this day, the Court considered the above-captioned case. On April 7, 2026, Petitioner Maria De Los Angeles Avila-Gomez filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the El Paso Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. *Id.* at 1. She argues her detention is unlawful and asks the Court to order a bond hearing or release. *Id.* at 12. On April 8, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is a Mexican national who entered the United States around 1995 when she was about one year old. ECF No. 1 at 6. Petitioner has lived in Clovis, New Mexico with her parents, graduated from Clovis High School, and attended Clovis Community College. *Id.* Since she arrived as a child and graduated high school, she filed for Deferred Action for Childhood Arrivals ("DACA") in 2012, and it was subsequently granted. *Id.* Petitioner's current DACA is pending, filed on December 30, 2025, one full month before her other one expired on January 30, 2026. *Id.* Petitioner was taken into ICE custody after an arrest for misdemeanor DWI around February 9,

2026. *Id.* at 7. The state magistrate judge released Petitioner on her own recognizance on February 10, 2026. *Id.* ICE detained her upon release and transferred her to ERO El Paso Camp East Montana. *Id.* Her misdemeanor DWI charge is currently pending, so she has no criminal convictions. *Id.* To date, Respondents have not provided Petitioner with a bond or a bond hearing. *Id.* Among other things, Petitioner argues her current detention is unlawful because she is subject to mandatory detention under 8 U.S.C. 1225(b) pursuant to Respondents new interpretation of the statute. *Id.* She argues that Section 1225(b) as applied to her violates her Fifth Amendment procedural due process rights because she has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing to justify her detention. *Id.* at 11.

Petitioner's case is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention). In their response, ECF No. 3, filed on April 13, 2026, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 3 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-

00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting argument that petitioner's procedural due process claim is foreclosed by the Supreme Court decision *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents' right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor distinguished the facts of this case. Accordingly, the same result is warranted in this case as in this Court's similar previous cases.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[1] **IT IS HEREBY ORDERED** Petitioner Maria De Los Angeles Avila-Gomez's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying,

---

[1] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than April 17, 2026.**[2]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than April 21, 2026.**

**IT IS FURTHER ORDERED** that in the event Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than April 24, 2026.**

**SIGNED** this **14th** day of **April 2026**.

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. Nor does a hearing in which the Government is not held to its burden as outlined herein. In such event, release from custody is _required_.